Chief Justice Robertson
delivered the Opinion of the Court.
A paper purporting to. be the last will of Catherine Bodine—in which, among other things, she declared that her slave Jenny should be ‘••set free” whenever she should cease child-bearing, and that other slaves should be “sei free” after designated periods no.t yet expired—having been exhibited by those persons, in the proper County Court, for probatej and rejected by the judgment of that Court, the same persons.^prosecute this writ of error against the other devisees: and the right to prosecute the writ in the names of the plaintiffs in error, being questioned, must first be decided, as a. preliminary question.
If the paper had been admitted to record, as the will of the testatrix, the plaintiffs nevertheless should yet be deemed to be slaves; for, even as to Jenny, there is no *477 proof that the contingency on which her liberation depends has yet occurred. And therefore the objection to the prosecution of the writ by the plaintiffs, is that a slave cannot sue. But this objection, though imposing, is not as we must think, insuperable.
Slaves are considered as property; the privilege of asserting rights, by judicial proceedings, is not, in general, conceded to them: yet, under pur system, they are considered as human beings, not wholly divested p.f natural rights. They may be emancipated; and when emancipated, pre sently or prospectively, may establish the fact in a legal mode; and to that end, have a right to the protection of' the law in establishing all deeds^ wills and other documents upon which the ernani cipation may de-, pend. íheymay exhibit a will^ under which they claim that they, ate, or are to be. emancipated, for record in the county court, & if rejected there, may prosecute:' «>. e. to the judgment, in their, own names.
Thefact that they are not legally liable for costs, iá not material. If free, they might prosecute in fox' ma paupo-is, '
The reason why a human being doomed to legal slavery cannot sue, is, not because he has not, in judgment of law, personal existence or capacity, but is altogether arbitrary, and springs from the felt necessity of withholding from slaves all legal rights. And therefore, the general rule is, and upon reasons of state, must be, that a slave can neither sue nor be sued, But, although the law of this State considers slaves as property, yet it recognizes their personal existence, and, to a qualified extent, their natural rights. They may be emancipated by their owners; and must, of course, have a right to seek and enjoy the protection of the law in the establishment of all deeds, or wills, or other legal documents of ^mancipation; and, so far, they must be considered as natural persons, entitled to some legal rights, whenever their owners shall have declared, in a proper manner, j;hat they shall, either in presentí or in futuro, be freehand, to this extent, the general reason of policy which disables slaves as persons, and subjects them to the condition of rpere brute property, does not apply; and the reason ceasing, the law ought also to cease.
In this case, if the paper in contest be the true and valid last will of Catherine Bodine, it vests in the plaintiffs an initiate legal right to freedom; and though the enjoyment of their personal liberty is postponed to a future period, they have an undoubted present and perfect legal title to the prospective fruition of that which the testatrix had a right to concede, and has endeavored to secure, to them. That right depends altogether on the establishment of the will, and cannot be deemed to exist as long as the judgment of the County Court shall remain unreversed. A writ of error to reverse that judgment might be barred unless it were prosecuted within three years. But even if it would not be thus barred, it might be as effectually frustrated by the death of witnesses, or some other ruin of time.' Two of the *478 nominated executors are devisees, and are, not only, op«. posed to the will, but are parties against it; and the only other nominee is an indispensable witness in favor of the will; and therefore, unless the present plaintiffs Can prosecute the writ of error, the judgment of the County Court must stand.
But even if the plaintiffs have only such a beneficial interest in the establishment of the will, as to entitle them to use the names of the executors,-as trustees for them, that would only show that, though they may be yet slaves, the Court would, at their instance, and/or their benefit, adjudicate on their rights in some form-, and consequently, there is an implied admission that they have a legal interest in the will, which they themselves may, as beneficial parties, at least, assert by suit, which no other person could control. But this could not be so, if the general rule as to the total legal disability of slaves be applicable to such a state of case; for according to that rule, a slave cannot be either a nominal or a beneficial party to a civil suit. And certainly, if the rule do not apply to this case, there can be no other valid objection to the prosee .¡tion of the writ of error in the names, as well as for the benefit, of the plaintiffs.
The fact that they may not bo responsible for costs, Cannot be material; because, were théy admitted to be free, they might and probably would be allowed to proceed in forma pauperis.
Unless, then, there can be such an absurdity as a legal fight without any remedy, the plaintiffs may proceed in their own proper names, for establishing the will. If the will had been established, and one of the present plaintiffs should have good cause for apprehending that, only a few days before his right to freedom would become consummate, he would be taken by force to some foreign country to. be enslaved—might he not file a bill quia timet fqr enjoining such abduction? It seems to us self-evident that he might; and we are satisfied that such has been the doctrine of the Courts; and if so, there can Be no valid or consistent objection to parties in this case. And such is our opinion as to what the lav/ is, and ought *479 ló be; áttd if it had never been se declared before, we feel it our right and our duty to declare it now.
Whether tjr not the name of an intended devisee, was omitted in a will, by mistake of the draftsman, is a question that does not arise Upon a mo'tion to admit the! will to record.
Having thus disposed of this objection in limiffl, wé have only to add, oii thé mérits of this case, that we are clearly of the opinion, that the facts pi’eponderate very decidedly in favor of the competency of the testatrix to toake á will; and there being no ground for controversy as to the proof of publication, it is our opinion, that thé paper rejected by the County Court, is the true last will and testament of Catherine Bodine, and; as such; should be admitted to record.
The fact, if it be admitted to be a fact, that Alfred Bodine’s name was pretermitted by the writer of the will through mistake, Cannot, per se, affect the question bf devisavil vel non. Whether if he were intended to be one of several devisees, he might yet have any remedy in equity, is a question not now presented* Will or no ieill is now the only question; and that depends on the fact of legal publication and legal capacity.
Wherefore, it is considered by this Court, that the order of the County Court, rejecting the paper now before its, be set aside, that the said paper be admitted to record in this Court, as the last will of Catherine Bodine, decease ed, and that; upon a certificate of that fact, a certified copy of it be also recorded in the County Court of Nelson.-